IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY WHITEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-231 |
| | ) |
| ANDREW SAUL | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 31st day of March, 2020, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to find that Plaintiff's depression constitutes a "severe" impairment; (2) issuing a decision before Plaintiff could submit additional medical records for inclusion in the administrative record; (3) formulating a residual functional capacity assessment ("RFC") that is not supported by substantial evidence; (4) relying on vocational expert ("VE") testimony that failed to identify sufficiently the number of jobs that Plaintiff is able to perform; and (5) failing to address Plaintiff's alleged inability to work on a regular and continuing basis. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, Plaintiff contends that the ALJ erred by failing to find that Plaintiff's depression constitutes a "severe" impairment at Step Two of the disability determination process. A claimant has the burden of demonstrating at Step Two that he or she has a "severe" impairment or combination of impairments. See 20 C.F.R. §§ 404.1512(a), 404.1520(c), 416.912(a), 416.920(c); Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). An impairment is "not severe" if the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities. See SSR 85-28, 1985 WL 56856, at *3 (1985); Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28). The severity step of the sequential evaluation process thus functions as "a de minimis screening device to dispose of groundless claims." Newell, 347 F.3d at 546; see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (holding that the "burden placed on an applicant at step two is not an exacting one").

Furthermore, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it is therefore irrelevant whether the ALJ correctly or incorrectly found certain alleged impairments to be non-severe, as long as he properly accounted for all impairments later in his analysis.

Moreover, the Court notes that, as the ALJ discussed in his decision, the record simply does not show that Plaintiff's depression constitutes a severe impairment, nor was the ALJ required to order a psychological examination, as Plaintiff suggests, in order to develop evidence establishing that her depression qualifies as a severe impairment. See Schwartz v. Berryhill, No. 17-854, 2018 WL 3575046, at *4 (W.D. Pa. July 25, 2018). Rather, the ALJ found that Plaintiff's depression does not "significantly limit" her mental ability to work and that she had no limitations in the four relevant functional domains of: understanding, remembering, or

applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting or managing herself. (R. 17-18). See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). In making her argument, Plaintiff relies on subjective statements regarding her hearing testimony, but the ALJ clearly addressed such testimony and explained why the record as a whole does not support a finding of limitations. (R. 17-18). Therefore, the Court finds that the ALJ did not err at Step Two in not including depression among Plaintiff's severe impairments.

Second, Plaintiff contends that the ALJ erred in issuing his decision before Plaintiff could submit additional medical records from her primary care physician, Katherine Neely, M.D., for inclusion in the administrative record. At the outset, the Court notes that, at the administrative hearing, the ALJ gave Plaintiff's counsel the option of closing the record (noting that there is a bit of a lag between the conclusion of a hearing and the issuing of a decision), or keeping the record open for 28 days to wait for additional records to be submitted. (R. 35). Plaintiff's counsel chose to close the record, with the caveat that if additional records arrived before the ALJ's decision was issued, he would add those documents to the record. (R. 35). In the end, however, the ALJ issued his decision before any additional documents were submitted.

Additionally, the Court finds that the records at issue here do not warrant remand. A district court may remand a case on the basis of new evidence that was not considered by the ALJ if the evidence is "new and material and if there was good cause why it was not previously presented to the ALJ." Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). Here, Dr. Neely's records are not "new" because they were in existence and could have been obtained by Plaintiff prior to her hearing. See Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). The Court also notes that the evidence is not "material" because it would not have changed the ALJ's decision even if it had been presented. See Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Dr. Neely's records show that Plaintiff was prescribed antidepressants (a fact which the ALJ considered), that her examinations were normal, that her symptoms showed improvement, and that she sometimes denied any mental health symptoms, none of which alter the ALJ's conclusions. (R. 34-35, 80, 99, 110, 119, 131). Finally, Plaintiff cannot show good cause for her failure to procure Dr. Neely's records in a timely manner. Plaintiff's counsel was advised in October 2017 that she should start collecting evidence and advise the agency if she encountered any difficulty, she waited nearly a month after receiving notice of the hearing to request the records at issue, and at the hearing on March 30, 2018, she declined the ALJ's offer to hold the record open to provide additional time for the records to arrive. Accordingly, the Court concludes that the ALJ did not err in issuing his decision before Dr. Neely's records arrived, nor is remand required so that such records can be considered.

Third, Plaintiff asserts that the RFC formulated by the ALJ, which provides that Plaintiff can sit or stand/walk for a total of six hours in an eight-hour workday, is not supported by substantial evidence. A claimant's RFC is the most that he or she can do despite his or her limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or

her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945. In this case, after reviewing the relevant evidence of record, the ALJ determined that, due to Plaintiff's impairments, she is capable of performing work at a light exertional level with several specific additional limitations. (R. 19).

Upon careful consideration of the ALJ's decision and the record as a whole, the Court does not agree with Plaintiff's claim that, in formulating the RFC, the ALJ failed to provide sufficient limitations to address her impairments. Rather, the ALJ considered all of the evidence, and reasonably found that, while Plaintiff "does have physical and mental impairments, the record indicates that her conditions are generally well controlled." (R. 22). In his decision, the ALJ discussed and summarized the medical evidence of record, which revealed a generally conservative course of treatment and significant self-reported activities of daily living. (R. 19-23). The medical evidence included normal nerve conduction studies (R. 21, 663-65, 671), routinely normal physical examinations showing normal gait and intact strength and reflexes (R. 21, 599, 605, 611, 617, 630, 635, 641, 647, 650), as well as reports that her pain medications were helpful (R. 21, 635) and indications of her decision to decline receiving a spinal cord stimulator (R. 22, 453). The ALJ further noted that, despite Plaintiff's allegations of totally disabling symptoms, no treating physician had recommended any restrictions for her. (R. 22). Although Plaintiff objects to the ALJ remarking on this fact in his decision, the Court notes that the ALJ is entitled to rely not only on what the record says, but also what it does not say." Lane v. Comm'r of Soc. Sec., 100 Fed. Appx. 90, 95-96 (3d Cir. 2004). The ALJ also appropriately considered Plaintiff's activities of daily living, as well as her hearing testimony and the opinion of the state medical consultant. (R. 22-23).

Thus, after careful review, the Court finds that the ALJ did not fail to include in the RFC adequate limitations related to Plaintiff's impairments. Rather, the Court concludes that, after reviewing and engaging in significant discussion of the evidence of record, including medical evidence, Plaintiff's activities of daily living, opinion evidence, and Plaintiff's testimony, the ALJ reasonably determined that limiting Plaintiff to light work, with additional restrictions, adequately accommodated Plaintiff's impairments.

Fourth, Plaintiff asserts that the ALJ erred in identifying a significant number of jobs in the national economy that Plaintiff can perform. More specifically, Plaintiff contends that the VE's testimony did not identify the number of such jobs that are available regionally, but instead provided only national job numbers. The Social Security regulations provide that work exists in significant numbers in the national economy if it exists in significant numbers either in the region where a claimant lives or in several other regions in the country. See 20 C.F.R. §§ 404.1566(a), 416.966(a).

While Plaintiff cites Wehrer v. Comm'r of Soc. Sec., No. 17-804, 2018 WL 2065926, at *3-4 (W.D. Pa. May 3, 2018), to justify her argument, the Court does not agree that that case is analogous to the situation here. In Wehrer, the matter was remanded because the VE identified only two jobs with "over" 5,000 jobs in "the economy," without explaining what the actual numbers were and without identifying whether the numbers given were national or regional. Id. In contrast, here the VE identified three jobs with the number of jobs available nationally totaling

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf:         Counsel of record

---

498,340: mail clerk (137,350 jobs nationally), compression mold machine tender (145,760 jobs nationally), and sub-assembler electrical components (215,230 jobs nationally). (R. 63). While the Court in <u>Wehrer</u> found that, on that particular record, 10,000 jobs was insufficient given the ambiguity in the VE's testimony, here the Court finds that the numbers provided by the VE provide a significant number of jobs. <u>See e.g.,</u> <u>Young v. Astrue</u>, 519 Fed. Appx. 769, 772 (3d Cir. 2013) (finding 20,000 jobs available in the national economy to be sufficient to show work existing in significant numbers).

Finally, Plaintiff argues that the ALJ's RFC failed to address Plaintiff's alleged inability to work on a regular and continuing basis. As discussed, <u>supra</u>, upon consideration of all of the evidence of record, the Court finds that the ALJ properly formulated the RFC in this case. In so finding, the Court notes that the ALJ provided an extensive and detailed review of Plaintiff's medical records, testimony, and opinion evidence, and determined that she is able to perform work consistent within the confines of the RFC. (R. 19-23). Additionally, the Court notes that, at the administrative hearing, the ALJ specifically asked the VE whether an individual such as Plaintiff could perform work if they are off task 10-15% of the workday, and the VE replied in the affirmative. (R. 64). Thus, the Court finds no merit in Plaintiff's contention that the ALJ failed to consider limitations in Plaintiff's ability to work on a regular and continuing basis in determining the RFC.

As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

In sum, after careful review of the record, the Court finds that the ALJ did not err by failing to determine that depression consititutes one of Plaintiff's severe impairments, nor did the ALJ err, under the circumstances presented here, by issuing a decision without holding the record open for a period of time after the administrative hearing. The Court further concludes that the ALJ did not err in formulating an RFC that is not supported by substantial evidence, nor did he err in relying on VE testimony identifying jobs available in the national economy that Plaintiff can perform. Accordingly, the Court affirms.